UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF THE NORTHEAST CARPENTERS
HEALTH, PENSION, ANNUITY, APPRENTICESHIP,
and LABOR-MANAGEMENT COOPERATION
FUNDS,                                                      **MEMORANDUM & ORDER**
                                                            20-CV-5624(DRH)

                                    Petitioners,

     -against-

PRECISION ENTERPRISE OF NY INC.

                                    Respondent.
-------------------------------------------------------------------X

**APPEARANCES:**

**For Petitioners:**
Virginia & Ambinder LLP
40 Broad Street, 7th Floor
New York, NY 10004
By:    Marlie Blaise, Esq.
         Nicole Marimon, Esq.

For Respondent: No Appearance

**HURLEY, Senior District Judge:**

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds (the "Funds" or "Petitioners") commenced this proceeding to confirm and enforce an Arbitrator's Award rendered on October 26, 2020 against respondent Precision Enterprise of NY Inc. ( "Respondent") pursuant to a collective bargaining agreement. For the reasons set forth below, the petition is granted.

## BACKGROUND

The following facts are taken from the Petition and exhibits thereto and presumed true as no response to the petition has been filed and the time in which to do so has expired.

On or about November 26, 2010, Respondent executed an agreement (the "International Agreement") with the United Brotherhood of Carpenters and Joiners of America ("UBCJA"). The International Agreement provides that it is effective for three years from November 16, 2010 and automatically renews for subsequent three-year periods unless written notice to terminate is provided. Neither UBCJA nor Respondent has provided written notice to terminate. Under the terms of International agreement, Respondent agreed to pay "annuity, pension, and/or health and welfare contributions for an employee's work in each locality …in such amounts as are identified in the applicable collective bargaining agreement for that locality." The relevant agreement covering the work performed by the Respondent in the jurisdiction of the North Atlantic States Regional Council of Carpenters is the July 1, 2011 through May 31, 2016 Southeast Region Agreement (the "2011-16 CBA"). Respondent is also member of the Construction Contractors Association (the "Association"). Accordingly, by way of executing the International Agreement and as a member of the Association, Respondent also became bound to the July 1, 2016 through April 30, 2019 Southeast Region Agreement (the "2016-19 CBA") and the May 1, 2019 through April 30, 2022 Southeast Region Agreement (the "2019-22 CBA") (together "the CBAs") entered into between the Association and the Union. The CBAs require

Respondent, inter alia, to make contributions to the Funds for all work performed within the trade and geographical jurisdiction of the Union ("Covered Work"). The CBAs further provide that the Employer agrees that it is bound by and shall comply with the Agreements and Declarations of Trust and the Plans or other associated documents adopted by and governed by the Funds.

The Trustees of the Funds established an Employer Contribution Audit and Collection Policy ("Collection Policy"). The Collection Policy defines "contributions" as the monetary contributions due to the Funds plus the supporting remittance report, shop report, or weekly payroll report. The CBAs and the Collection Policy provide that the Funds have the right to audit an employer's books and records to determine whether it complied with its obligation to remit contributions to the Funds. Under the Collection Policy, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator.

The CBAs and the Collection Policy state that the employer shall be liable for all costs incurred in collecting the delinquent contributions, including without limitation interest, liquidated damages, attorneys' fees, audit costs, and arbitration fees. Under the Collection Policy, interest on delinquent contributions is to be calculated at the minimum rate of 0.75% per month, compounded and "[l]iquidated damages shall be calculated from the Due Date and shall become due and owing if suit is commenced. The amount of the liquidated damages shall be 20% of the delinquent Contributions."

A dispute arose when an audit of Respondent covering January 1, 2015 through September 23, 2018 revealed that Respondent failed to remit contributions in the principal amount of $100,607.43. Thereafter, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson. Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail

A hearing was held and the arbitrator rendered his award, in writing, dated October 26, 2020, determining said dispute (the "Award"). The arbitrator found that Respondent violated the CBAs when it failed to remit all required contributions to the Funds, and ordered Respondent to pay the Funds the sum of $167,722.06, consisting of the principal sum of delinquent contributions of $100,607.43, plus interest thereon of $34,204.39, liquidated damages of $20,121.49, audit costs of $11,038.75, attorneys' fees of $950, and the arbitrator's fee of $800. The Award has not been vacated or modified and no application for such relief is currently pending. Respondent has failed to abide by the Award. The instant petition was filed within one-year of the Award and is therefore timely.

## DISCUSSION

**I.    Confirmation of the Arbitration Award - General Legal Principles**

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 . . ., provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). Courts treat a petition to confirm an arbitration award as akin to a motion for summary judgment. *See Hall St. Assocs.,*

*L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107-08 (2d Cir. 2006). A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]' " *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). As such, "judicial review of an arbitration award is narrowly limited." *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991). The district court's role is to ensure that the arbitrator "acted within the scope of the authority granted him by the parties" and that there is "at least a 'barely colorable justification for the outcome reached.' " *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Interior Cinema Inc.*, 2015 WL 6459261, at *4 (S.D.N.Y. Oct. 23, 2015) (quoting *Landy Michaels Realty Corp. v. Local 32 B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).  "[A] court must confirm an arbitration award as long as it 'draws its essence from the collective bargaining agreement and is not the arbitrator's own brand of industrial justice.'" *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Baroco Contracting Corp.*, 2016 WL 2893239, at *3 (E.D.N.Y. Apr. 19, 2016) (quoting *Trs. Of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Fourmen Constr., Inc.*, 2016 WL 146245, at *2 (E.D.N.Y. Jan. 13, 2016)).

**II.     The Award is Confirmed**

   **A.     Liability**

Here, the documentation before this Court establishes that Respondent was bound by the CBAs and Collection Policy during the relevant time period, that the Funds complied with the collection policy, and that the dispute was submitted to arbitration with due notice to the Respondent. Furthermore, the arbitrator reasonably determined that Respondent failed to remit said contributions to the Funds.

   **B.     Damages**

In his award, the arbitrator ordered Respondent to pay the Funds the sum of $167,722.06, consisting of the principal sum of delinquent contributions of $100,607.43, plus interest thereon of $34,204.39, liquidated damages of $20,121.49, audit costs of $11,038.75, attorneys' fees of $950, and the arbitrator's fee of $800 pursuant to the CBAs..

As the Arbitrator granted these sums in accordance with the CBAs and Collection Policy, he has provided far more than a "barely colorable justification." *See Marine Pollution Serv., Inc. v. Local* 282, 857 F.2d 91, 94 (2d Cir. 2013).

   **C.     Attorney's Fees and Costs**

Courts in this district have observed that "courts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.*, 2013 WL

6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (internal quotations marks omitted). Reasonable attorney's fees are calculated according to the lodestar method, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *See McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam).

In support of the petitioners' claim for attorney's fees arising out of this petition, the petitioners' counsel submitted a summary of tasks completed and time billed, totaling 6.2 hours of work. Petitioners' counsel billed $350 per hour for a partner at Virginia & Ambinder, LLP ("V&A") and $275 for a junior associate. These rates are reasonable given the prevailing rates in this district. *See Trustees of New York Dist. Council of Carpenters Pension Fund v. Concrete Brothers Construction LLC*, 2020 WL 3578200 (S.D.N.Y. July 1, 2020) Because the rates billed and time expended on this action by the petitioners' counsel are reasonable, the Court grants the Petitioners' request for $1757.50 in attorney's fees.

Court costs for court filing fees and service fees are routinely permitted. Here Petitioner seeks $473 in filing fees and service fees; however, no support documentation for these amounts is provided. While the Court's docket confirms the payment of the $400 filing fee, Petitioner has not submitted any documentation the the additional $73 sought. Accordingly, the Court grants costs in the amount of $400.00

### D. Post-judgment Interest

The petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The petition to confirm the arbitration award in the amount of $167,722.06, (consisting of the principal sum of delinquent contributions of $100,607.43, plus interest thereon of $34,204.39, liquidated damages of $20,121.49, audit costs of $11,038.75, attorneys' fees of $950, and the arbitrator's fee of $800) is granted. Petitioners are further awarded attorneys' fees in the amount of $1757.50, costs in the amount of $400.00, and post judgment interest pursuant to 28 U.S.C. § 1961. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED**.

Dated: Central Islip, New York  
     May 10, 2020

    s/ Denis R. Hurley  
    Denis R. Hurley  
    United States District Judge